THE PEOPLE *vs.* WALTER HOAG.

Forging a receipt for a note of hand, which when paid will be in full, &c.,
does not come within the provisions of "the act to prevent forging and
counterfeiting," passed April 2, 1813, but it is a misdemeanor at common
law.

The prisoner was indicted and convicted for forging a receipt
in the words following:

"Received of Walter Hoag his note of hand for eight dollars,
when paid it will be in full of debt, dues and demands of all
kinds whatever up to this date.

Pompey, October 8th, 1819.         EBENEZER CARR."

The prisoner had forged the receipt and offered it in evidence
on a trial at the circuit to prevent a recovery on a note given
previous to the date of the receipt.

*Fortune C. White*, the counsel for the prisoner, moved in
arrest of judgment, on the ground that the receipt mentioned
in the indictment did not come within any of the provisions of
the " act to prevent forgery and counterfeiting," passed April
2, 1813.

*S. Beardsley*, (District Attorney,) for the people

WALWORTH, *Circuit Judge.*—The provisions of the act extend
to *any acquittance or receipts, either for money or goods, or any
accountable receipt for any bill, note or other security for the
payment of money.*    But the receipt mentioned in this indict
ment does not come within either of these descriptions.    It has
been frequently decided by our courts that the giving of a pro-
missory note was not an acquittance or discharge of the debt.
This is undoubtedly a *casus omissus* in the statute, and not
being a felony at common law, the prisoner can not be impri-

soned in the state prison.   But the offence of which the prisoner is convicted is a misdemeanor (a) at common law, and the words against the form of the statute in the indictment may be rejected as surplusage, and judgment given against him for the common law offence.

The prisoner was sentenced to pay a fine of $25, and be imprisoned thirty days in the county jail, he having already been long in confinement.

(a) See the King vs. Ward,  2 Ld. Raymond, 1461; 1 Strange, 12; 1 Salk. 342; 2 East P. C. 862.